# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL D. MILLER, SR.,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:16-2005** |
| v. | : | **JUDGE MANNION** |
| **NANCY A. BERRYHILL,** | : | |
| **Defendant** | : | |

## O R D E R

Pending before the court is the report of Magistrate Judge Martin C. Carlson which recommends that the Commissioner's decision be affirmed in part and remanded in part. (Doc. 16). The defendant has waived the opportunity to object to Judge Carlson's report, (Doc. 17), and no objections have been filed by the plaintiff. Upon review, the report will be adopted in its entirety.

When no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In his appeal, the plaintiff argues that the ALJ erred when he determined that the plaintiff's intellectual impairments did not meet or medically equal Social Security Listing 12.05C, which relates to certain mental health conditions, and that the ALJ erred when he fashioned a visual acuity standard for the plaintiff which was contradicted by the objective medical evidence. In carefully considering the plaintiff's claims, Judge Carlson concludes that substantial evidence supports the ALJ's finding that the plaintiff's intellectual disability did not satisfy the requirements of Listing 12,05C, but that the ALJ erred in finding that, after October 2014, the plaintiff could perform light work which required visual acuity of corrected 20/40 vision, since that determination was contradicted by all of the medical evidence presented to the ALJ relating to the plaintiff's visual acuity. Judge Carlson concludes that such error cannot be deemed harmless since the jobs identified by the vocational expert based upon this erroneous residual functional capacity assessment of the plaintiff's visual acuity included jobs which demanded significant constant or frequent visual acuity. As such, Judge Carlson recommends that the Commissioner's decision be affirmed in part and remanded in part for further consideration of the plaintiff's claim as it relates to his visual acuity and ability to perform

2

substantial work in the regional and national economy after October 2014 given the limitations on his physical, mental and visual acuity.

The court has reviewed the entire report of Judge Carlson and finds no clear error of record. The court further agrees with the sound reasoning which led Judge Carlson to his recommendation. As such, the court adopts the reasoning of Judge Carlson as the opinion of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Carlson, **(Doc. 16)**, is **ADOPTED IN ITS ENTIRETY**.

**(2)** The ALJ's determination that the plaintiff did not meet the requirements of Listing 12.05C and his finding that prior to October 2014 the plaintiff could return to his relevant past work is **AFFIRMED**.

**(3)** The ALJ's residual functional capacity determination for the plaintiff following October 2014 is **VACATED** since it rested upon a plain error which overstated the plaintiff's visual acuity, an error which cannot be deemed harmless since the Vocational Expert identified jobs for the plaintiff which required constant or frequent near acuity, and the instant action is **REMANDED** to the Commissioner for further

consideration of this issue only.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 12, 2018**

O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2016 ORDERS\16-2005-01.wpd